HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
1212 So. Casino Center Blvd.
Las Vegas Nevada 89104
Telephone: (702) 382-1714
Email: harold@gewerterlaw.com
*Attorneys for Defendant*
*Robert Cortez Marshall*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT CORTEZ MARSHALL, <br><br> Defendant. | Case No.: 2:17-cv-02189-JAD-EJY |

**OBJECTION TO MAGISTRATE ORDER**

Defendant, Robert Cortez Marshall, by and through his attorney of record, HAROLD P. GEWERTER, ESQ., of HAROLD P. GEWERTER, ESQ., LTD., hereby files his Objection to Magistrate Order.

**I. Statement of Facts**

On October 29, 2018, the SEC and Defendant entered into a Consent to Entry of Judgment. (ECF No. 19). On February 13, 2019, the SEC filed its Notice of Motion and Motion of Plaintiff Securities and Exchange Commission for Final Judgment Setting Amounts of Disgorgement, Prejudgment Interest, and Civil Penalties Against Defendant Robert Cortez Marshall seeking damages against Defendant. (ECF No. 28).

Subsequent to the filing of the SEC's Motion for Final Judgment, Defendant filed a Response to which the SEC filed a Reply. On April 19, 2019, the Court granted a Stipulation by

the parties that the then-scheduled hearing would be continued and that Defendant would be allowed to file a supplemental brief to the SEC's Motion for Final Judgment. (ECF No. 33). Defendant's supplemental brief was due on or before October 14, 2019. (ECF No. 35).

Unbeknownst to Defendant, his former counsel, H. Stan Johnson, failed to file a supplemental brief. On October 21, 2019, the Court issued a Minute Order stating that Defendant had failed to file a supplemental brief and that a hearing on the SEC's Motion for Final Judgment would be held on November 25, 2019. Said hearing was later continued to December 4, 2019.

After it became known to Defendant that his former counsel had failed to file a supplemental brief, Defendant terminated his services. Thereafter, Defendant hired the undersigned, who was later substituted as Defendant's attorney of record. (ECF No. 42).

At the December 4, 2019 hearing, the undersigned informed the Magistrate Judge that he had just been hired and requested a thirty (30) day continuance so that he could familiarize himself with the case and file a supplemental brief, if allowed by the Court. (ECF No. 41). The Magistrate Judge refused the undersigned's request for a continuance. *Id*. The Magistrate Judge further ruled that the District Court would proceed to rule on the Motion for Final Judgment. This Objection now follows.

## II. Legal Authorities and Arguments

FRCP 72, entitled "Magistrate Judges: Pretrial Order," provides for the following relief:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

In the instant matter, Defendant should be allowed a continuance so that his new counsel can file a supplemental brief to the SEC's Motion for Final Judgment. Said Motion seeks monetary damages based only on Defendant's business records and fails to include his personal financial records. Such a failure by the SEC to take into account Defendant's personal financial records will lead to a gross miscarriage of justice as it calculates inflated damages based on an

incomplete and misleading assessment of Defendant's financial means.  Accordingly, this Court should overrule the Magistrate Judge's refusal to grant Defendant an extension during the December 4, 2019 hearing.

### III. Conclusion

Based upon the foregoing, Defendant's new counsel should be allowed to file a supplemental brief because Defendant's former counsel wholly failed to adequately represent Defendant.  Additionally, the Court should continue this matter for ninety (90) days to allow the undersigned time to file said supplemental brief and to allow the SEC sufficient time to file its response.

Dated this 18th day of December, 2019.

HAROLD P. GEWERTER, ESQ., LTD.

*/s/ Harold P. Gewerter, Esq.*
HAROLD P. GEWERTER, ESQ.
1212 So. Casino Center Blvd.
Las Vegas Nevada 89104
Telephone: (702) 382-1714
Email: harold@gewerterlaw.com
*Attorneys for Defendant*
*Robert Cortez Marshall*

## **CERTIFICATE OF SERVICE**

On December 18, 2019, I caused to be served the following **OBJECTION TO MAGISTRATE ORDER** upon all parties to this action by causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

*/s/ Sonja K. Howard*
An Employee of Harold P. Gewerter, Esq., LTD.